# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO.:

URI SOMECH,

   Plaintiff,

 vs.

NEWREZ, LLC,

   Defendant.

_____/

## COMPLAINT

**COME NOW,** the Plaintiff, URI SOMECH, by and through their undersigned counsel, and bring this action against the Defendant, NEWREZ ("NEWREZ"), and in support allege as follows:

## INTRODUCTION

1. This is an action brought by consumers for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and their implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, and Regulation Z, 12 C.F.R. § 1026, RESPA and the respective implementing regulations.

3. Specifically, Plaintiffs seek the remedies as provided in RESPA for the Defendant's failure to comply with Section 2605(k) of RESPA, Sections 1024.35 and 1024.36 of Regulation X.

## JURISDICTION

4.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5.      Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6.      Venue in this District is proper because the property (the "subject property") is located in Miami-Dade County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

7.      At all times material hereto the Defendant was and is a Delaware limited liability company duly licensed to transact business in the State of Florida.

8.      At all times material hereto, Plaintiff owned and continues to own the subject property, which is located in Miami-Dade County, Florida with an address of 3701 N Country Club Drive #200, Miami, FL  33180.

9.      At some point in time prior to the violations alleged herein, the Defendant was hired to service the subject loan.

10.     At all times material hereto, the Defendant is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the subject property.

11.     The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by the Defendant as loan number XXXXXX8708.

## BACKGROUND AND GENERAL ALLEGATIONS

12.     On or about April 10, 2007, the Plaintiff entered into a promissory note agreement with Countrywide Home Loans. Inc. (the "Note") for what he intended to be his primary residence.

13.     The Note was secured by a mortgage on the subject property (the "Mortgage") (the "Note" and the "Mortgage" are collectively referred to as the "Loan").

14.     NEWREZ as the current servicer of the loan has been returning mortgage payments to Plaintiff and alleging that his loan is past due.  (see Exhibit "A")

15.     For several years NEWREZ has sent mortgage statements to Plaintiff alleging that his mortgage payments are past due.

16.     To the best of Plaintiff's knowledge, he has never been delinquent on his loan obligations despite NEWREZ statements and actions to the contrary.

17.     NEWREZ has assessed numerous fees and charges to the account that should have ever been assessed if Plaintiff has been current on his loan payments to NEWREZ.

18.     Plaintiff retained Loan Lawyers, LLC ("Loan Lawyers") as counsel to represent him in his efforts to get answers as to what has happened that has caused NEWREZ to assert that Mr. Somech is delinquent on his loan obligations.

**I.     The Request for Information and Notice of Error**

19.     In furtherance of the efforts to assist Mr. Somech, Loan Lawyers sent a Qualified Written Request in the form of a Request for Information and Notice of Error to NEWREZ on or about October 10, 2020. (see Exhibit B)

20.     The Qualified Written request was received by NEWREZ on or about October 19, 2020.

21.     The Request for Information itself requested the following:

(A) Please provide a complete pay history for the life of the loan.

(B) Copies of all mortgage statements from January 2017 to the present.

22.     Both the complete pay history and the mortgage statements would allow Mr. Somech and his counsel to see exactly where things have gone awry and would provide necessary information to verify that Mr. Somech is correct and allow him to take the steps necessary to rectify the situation.

23.     Even if Mr. Somech is not correct despite his certainty, the requested information will allow Mr. Somech to take steps to ensure his loan is current.

24.     The Qualified Written request also asserted as a servicing error pursuant to 12 C.F.R § 1204.35 that Mr. Somech is not in default of his loan obligations.

25.     The due date for the response would have been on December 2, 2020, however, NEWREZ did not respond to respond to the Qualified Written Request.

26.     On or about December 11, 2020, Loan lawyers sent NEWREZ a letter reminding it of its obligation to comply with RESPA and to respond to the qualified written request. (see Exhibit C)

27.     The letter mentioned in the preceding paragraph gave NEWREZ additional time to respond to the Qualified Written Request and also provided notice and opportunity to cure in the event NEWREZ believed that there was any agreement that provided for such before taking legal action.

28.     Exhibit C was sent via certified mail at a cost to Plaintiff of $7.05.

29.     The need to send Exhibit C and incur the expense of mailing directly flows from NEWREZ's failure to response to the initial Qualified Written Request attached as Exhibit B.

30.     In addition to incurring the mailing expenses referenced above as a result of NEWREZ's failure to comply with RESPA, Mr. Somech has also suffered emotional distress.

31.     As previously alleged herein, Mr. Somech does not believe he has ever defaulted on his mortgage obligations.  He is suffering from stress, anxiety, and worry about the prospect of being placed into foreclosure and from being in the dark as to what has gone awry with his loan.

32.     Once Mr. Somech has the information requested in the Qualified Written Request and the explanation from NEWREZ, he can then take the next steps to rectify whatever has gone wrong.

33.     Every day that goes by without a response is one more day of suffering from the uncertainty of why NEWREZ is alleging that Mr. Somech is in default of his loan obligations and another day of worry, stress, and anxiety about the prospect of being placed into foreclosure.

34.     Once Mr. Somech has the response to the Qualified Written request, he will then be able to take the next steps to avoid foreclosure, but without this information, he is unable to determine what steps are necessary and is suffering from stress, anxiety, and worry due to this uncertainty created by NEWREZ.

35.     Further, every month that goes by is another month of mounting fees and charges that are being assessed on his loan account with NEWREZ.

**II.     Requirements After NEWREZ Received Plaintiff's Qualified Written Request**

36.     The Defendant was obligated to acknowledge receipt of Plaintiffs' Qualified Written Request in writing within five (5) business days pursuant to 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d). NEWREZ never provided the acknowledgement letter.

37.     The Defendant was further required to provide a written response to Plaintiffs' additional information requests within thirty (30) business days, with the requested information

included or a written statement that the "requested information is not available to the servicer" and the "basis for the servicer's determination." See 12 C.F.R. § 1024.36(d).

38.	Pursuant to RESPA under 12 C.F.R. § 1024.36(d) NEWREZ was required to provide its' written response to the Request for Information for a complete pay history for the life of the loan and the mortgage statements from 2017 to the present. Despite more than 5 months elapsing, NEWREZ has still failed to do so.

39.	The Defendant was further required to provide a written response to Plaintiffs' Notice of Error within thirty (30) business days after having conducted a reasonable investigation and sharing the results of that investigation with Mr. Somech, and correcting any servicing errors. See 12 C.F.R. § 1024.35(e). Despite more than 5 months elapsing, NEWREZ has still failed to do so.

40.	Exhibit C provided the Defendant with an additional opportunity to comply with the law thus granting an extension without a request, however NEWREZ has still failed to comply.

41.	Despite those efforts, the Defendant has failed or refused to respond to and correct the errors of which they were advised, contrary to 12 C.F.R. § 1024.35, and has failed or refused to respond to Plaintiff's RFI, contrary to 12 C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(B), as well. Each of these errors in NEWREZ's servicing conduct is a violation of RESPA.

**COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)**

42.	Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1 through 40 against the Defendant.

43.	Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**

A servicer of a federally related mortgage shall not--

\*\*\*\*

(C) fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;

\*\*\*\*

(E) fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12  U.S.C. § 2605(k)

44.     Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

45.     The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

46.     NEWREZ's failure to respond to the Request for Information and Notice of Error is a violation of federal Regulation X.

47.     Where no pay history for the life of the loan nor the mortgage statements from 2017 to the present were ever provided, the Defendant has also failed to or refused to comply with 12

C.F.R. § 1024.36(c) and 12 C.F.R. § 1024.36(d)(2)(i)(B) by not providing any written response to a request for information within the required timeframe.

48.     Further, by failing to conduct a reasonable investigation of the errors alleged by Mr. Somech, by failing to inform Mr. Somech of the results of that investigation, and by failing to correct any errors, the Defendant has also failed to or refused to comply with 12 C.F.R. §1024.35(e)(1) and 12 C.F.R. § 1024.35(e)(3)(i)(B).

49.     As such, the Defendant has violated 12 U.S.C. § 2605(k)(1)(E).

50.     Plaintiff has hired Loan Lawyers, LLC and Consumer Law Organization, PA, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

51.     The Plaintiff has been injured in fact, and suffered actual damages by virtue of the Defendant's repeated violations of those legal rights and protections, which Congress provided to the Plaintiffs and other consumers like them. The threshold of the Defendant's violations stem from the failure to provide the information requested in the Request for Information and for failing to conduct a reasonable investigation of the errors alleged by Mr. Somech, by failing to inform Mr. Somech of the results of that investigation, and by failing to correct any errors.  These injuries are in the form of postage costs and emotional distress damages as more particularly described herein.

52.     Further, Mr. Somech seeks nominal damages for violation of his rights pursuant to RESPA and implemented through regulation X as is more particularly described herein.

53.     Therefore, the Plaintiffs' injuries result in-part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, the Defendant violated the Plaintiffs' procedural rights under RESPA by not providing the information

responsive to the Plaintiffs' requests for that information and for failing to respond to the notice of error.

54.    Plaintiff is entitled to actual damages and nominal damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's reminder letter and notice and opportunity to cure and (2) emotional distress due to Defendant's failure to adequately respond to inquiries as required by RESPA. See Martinez v. Shellpoint Mortg. Servicing, No. 16-60026-CIV, 2016 WL 6600437 (S.D. Fla. Nov. 8, 2016); Porciello v. Bank of America, N.A., 2015 WL 899942 (M.D. Fla. 2015)(same); Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014)(finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).  Plaintiff has also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing their property, worry, embarrassment, and anguish as a result of the ongoing failures of the Defendant to address the Plaintiff's concerns relating to his loan. See Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014) (the court finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

55.    Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, URI SOMECH, respectfully ask this Court to enter an order granting judgment for the following:

(a) That the Defendant be required to provide the totality of the information requested in Plaintiff's request for information with detail and specificity;

(b) That the Defendant be ordered to conduct a reasonable investigation of the errors alleged by Mr. Somech, inform Mr. Somech of the results of that investigation, and correct any errors found in the investigation;

(c) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(d) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY

Plaintiff, URI SOMECH, hereby demand a trial by jury of all issues so triable.

Date:   April 1, 2021                                Respectfully Submitted,

*/s/ Matthew D. Bavaro*
Matthew D. Bavaro, Esquire
FL Bar No.: 175821
E-mail: matthew@fight13.com
LOAN LAWYERS, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357
Facsimile:  (954) 581-2786
*Attorney for Plaintiff*